LEILA L. HALE, ESQ.
Nevada Bar No. 7368
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
HALE INJURY LAW
1661 W. Horizon Ridge Parkway
Suite 200
Henderson, NV 89012
Phone: (702) 736-5800
Fax: (702) 534-4655
lhale@haleinjurylaw.com
jfunk@haleinjurylaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHERRIE LYNN LEWIS, | ) |
| | ) CASE NO.: |
| Plaintiff, | ) |
| vs. | ) |
| | ) **COMPLAINT (JURY DEMANDED)** |
| BASHIR H. NONE ABDI, individually; | ) |
| TRANSCO LINES, INC.; DOES 1-5; and | ) |
| ROE CORPORATIONS 1-5, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

COMES NOW Plaintiff, SHERRIE LYNN LEWIS, by and through her attorneys of record, LEILA L. HALE, ESQ. and JOHN C. FUNK, ESQ., of HALE INJURY LAW, and complain against the Defendants, and each of them, and assert and allege as follows:

## JURISDICTION

1.  This is a Complaint for money damages wherein the amount in controversy is in excess of $75,000.00, exclusive of costs and interest and the action is between parties of different states. This action is brought by the Plaintiff's pursuant to the doctrine of diversity of citizenship, 28 U.S.C. 1332, the Plaintiff being a resident of the State of Nevada, and the Defendant, Bashir

H. None Abdi, being a resident of the state of Ohio, and Defendant, Transco Lines, Inc., being a Corporation registered in the State of Arkansas and incorporated in the State of Arkansas.

## PARTIES

2. The Plaintiff is Sherrie Lynn Lewis, and is a resident of the State of Nevada.

3. Defendant, Transco Lines, Inc., is an Arkansas Corporation, doing business at 60 Transco Park Drive, Russellville, Arkansas, 72811, and was the owner of a certain 2017 Peterbilt Semi Tractor Trailer and their agent/employee, Bashir H. None Abdi, individually and as agent for Transco Lines, Inc., resides at 4315 Chesford Road, Apt. #1C, Columbus, Ohio, 43224 and was operating the said vehicle with the express and implied permission of the Defendant Transco Lines, Inc. during the course and scope of his employment.

4. That the true names and capacities, whether individual, corporate, associate or otherwise of the Defendant herein designated as DOES, are unknown parties, corporate or otherwise of the Defendants herein designated as DOES, are unknown to Plaintiff, who therefore sues said Defendants by such fictious names. Plaintiff alleges that each named Defendant herein designated as DOE is negligently, willfully, contractually or otherwise legally responsible for the events and happenings herein referred to and proximately caused injury and damages thereby to Plaintiff, as herein alleged. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of such defendants when the same have been ascertained and will further ask leave to join said Defendants in these proceedings.

5. At all times pertinent hereto, Defendants were the agents, servants and employees of each and every other Defendant and were working and acting within the course and scope of said employment and agency under the Doctrine of Respondeat Superior.

///

6.      That on or about October 23, 2016, Plaintiff, SHERRIE LYNN LEWIS, was driving and operating a motor vehicle, (hereinafter referred to as Plaintiff's vehicle), a 2015 Nissan Altima Sedan, in Clark County, Nevada.

7.      That on or about October 23, 2016, Defendant, BASHIR H. NONE ABDI, and/or Defendant, DOE DRIVER, was operating and driving a motor vehicle, a 2017 Peterbilt Semi Tractor Trailer, (hereinafter referred to as Defendant's vehicle), in Clark County, Nevada.

8.      That on or about October 23, 2016, Defendant, BASHIR H. NONE ABDI, and/or DOE DRIVER was the operator of Defendant's vehicle when he failed to exercise due care in safely operating Defendant's vehicle.  Plaintiff, SHERRIE LYNN LEWIS, was traveling southbound on Paradise Road in left turn lane 2 at Convention Center Drive.  Defendant, BASHIR H. NONE ABDI, was traveling southbound on Paradise Road driving a Semi Tractor Trailer and was in left turn lane 1.  When turning onto Convention Center Drive, Defendant, BASHIR H. NONE ABDI, suddenly and without warning, switched lanes into the left run lane 2 to make a wide turn striking Plaintiff's vehicle causing damage to her person and property.

9.      That upon information and belief, Defendant, BASHIR H. NONE ABDI, and/or Defendant, DOE DRIVER, knew or should have known that Defendant, BASHIR H. NONE ABDI, and/or Defendant DOE DRIVER, was an inexperienced or incompetent driver but still entrusted Defendant's vehicle to Defendant, BASHIR H. NONE ABDI, and/or Defendant DOE DRIVER

10.     That the collision occurred in Clark County, Nevada.

///

///

///

## **FIRST CAUSE OF ACTION**

### **(Negligence)**

11.     Plaintiff incorporates by this reference all of the allegations of paragraphs 1 through 10, above, as though completely set forth herein.

12.     That at the time of the accident herein complained of, and immediately prior thereto, Defendants, and each of them, in breaching a duty owed to Plaintiff, were negligent and careless, inter alia, in the following particulars:

   A.     In failing to keep Defendant's vehicle under proper control;

   B.     In operating Defendant's vehicle without due caution for the rights of the Plaintiff;

   C.     In failing to keep a proper lookout for Plaintiff's vehicle;

   D.     Negligent entrustment;

   E.     Vicarious liability through the operation of NRS 41.440;

   F.     Respondeat Superior;

   G.     The Defendants, and each of them, violated certain state and local statutes, rules, regulations, codes and ordinances and Plaintiff will pray leave of this Court to insert the exact citations of any other violations at the time of trial.

13.     By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of the Defendants, and each of them, Plaintiff has suffered physical injury and was otherwise injured in and about her neck, back, legs, arms, organs, and systems, and was otherwise injured and caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to her damage in an amount in excess of $75,000.00.

///

14.     By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of the Defendants, and each of them, Plaintiff has been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully determined.

15.     Prior to the injuries complained of herein, Plaintiff was able-bodied, capable of being gainfully employed and capable of engaging in all other activities for which Plaintiff was caused to be disabled and limited and restricted related to occupation and activities, which caused Plaintiff a loss of wages in an amount unascertainable at this time, and/or diminution of Plaintiff's earning capacity and future loss of wages, all to her damage in a sum not yet presently ascertainable, the allegations of which Plaintiff prays leave of Court to insert herein when the same shall be fully determined.

16.     Plaintiff has been required to retain the law office of HALE INJURY LAW to prosecute this action, and is entitled to a reasonable attorney's fee.

## SECOND CAUSE OF ACTION

### (Negligence Per Se)

17.     Plaintiff repeats and realleges her claims as set forth in paragraphs 1 through 16 above, and incorporates the same as though fully set forth therein.

18.     That Defendant, BASHIR H. NONE ABDI, as well as Defendant DOE(s) and ROE(s) violated certain municipal, city and state regulations, statutes and laws in the operation of the vehicle and thus directly and proximately caused a collision resulting in injuries to Plaintiff. Plaintiff belongs to a class of persons that are aforementioned rules, regulations, statutes and laws

were intended to prevent. That Defendants' owed Plaintiff a duty to comply with the aforementioned municipal, city and state rules, regulations, statutes and laws in the operation of the vehicle and that by causing an accident, Defendants' violated their duty to Plaintiff.

19. That Defendant, BASHIR H. NONE ABDI, as well as DOE and ROE Defendants' actions violated various municipal, city and state regulations, rules, statutes and laws and thus directly and proximately causing a collision between Plaintiff's vehicle and the vehicle driven by the Defendant wherein Plaintiff sustained injuries. Plaintiff belongs to a class of persons that the aforementioned rules, regulations, statutes and laws were intended to prevent. That Defendants' owed Plaintiff a duty to comply with the aforementioned municipal, city and state rules, regulations, statutes and laws in the operation of the vehicle and that by causing an accident Defendants' violated their duty to Plaintiff.

20. That Defendant, TRANSCO LINES, INC., is responsible for the acts of the Defendant, BASHIR H. NONE ABDI, and DOE and ROE Defendants, and each of them, under the Doctrine of Agency and Respondeat Superior.

21. That as a direct and proximate result of the negligence and carelessness of the Defendants'' BASHIR H. NONE ABDI and TRANSCO LINES, INC., and DOE and ROE Defendants, and each of them, Plaintiff was seriously injured and caused to suffer great pain of body and mind resulting in general damages in excess of Seventy-Five Thousand Dollars ($75,000.00) for which Defendants' are jointly and severally liable for.

22. That as a direct and proximate result of the negligence and carelessness of the Defendants' BASHIR H. NONE ABDI and TRANSCO LINES, INC., and DOE and ROE Defendants, Plainitff incurred expenses for medical care and treatment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

23. That prior to the injuries complained of herein, Plaintiff, SHERRIE LYNN LEWIS, was able bodied, capable of being gainfully employed and capable of engaging in all other activities for which Plaintiff was caused to be disabled and limited and restricted related to occupation and activities, which caused Plaintiff a loss of wages in an amount unascertainable at this time and/or diminution of Plaintiff's earning capacity and future loss of wages all to her damage in a sum not yet presently ascertainable, the allegations of which Plaintiff prays leave of Court to insert this action, and is entitled to a reasonable attorney's fee.

## THIRD CLAIM FOR RELIEF

### (Negligent Entrustment)

24. Plaintiff repeats and realleges her claims as set forth in Paragraphs 1 through 24 above and incorporates the same as though fully set forth herein.

25. The vehicle operated by Defendant, BASHIR H. NONE ABDI, and/or DOE or ROE Defendant was owned by Defendant, TRANSCO LINES, INC. That in such case, Defendant knowingly entrusted said vehicle to Defendant, BASHIR H. NONE ABDI, and DOE or ROE Defendants who were incompetent and/or inexperienced to operate the same. That Defendant, TRANSCO LINES, INC.'s entrustment of said vehicle to Defendant, BASHIR H. NONE ABDI, and/or DOE or ROE Defendants was also the legal and/or proximate cause of Plaintiff's injuries and as a result of said entrustment, Plaintiff suffered injuries as set forth herein.

26. That Defendant, TRANSCO LINES, INC., owed a duty to Plaintiff and breached that duty by knowingly entrusting a vehicle to an inexperienced and/or incompetent person. That as a result of the breach, Defendant, TRANSCO LINES, INC., and/or DOE or ROE Defendants caused damage to Plaintiff's person and property.

///

27. That Defendant, TRANSCO LINES, INC., is responsible for the acts of Defendant, BASHIR H. NONE ABDI, and DOE and ROE Defendants, and each of them under the Doctrine of Agency and Respondeat Superior.

28. That as a direct and proximate result of the negligence and carelessness of the Defendant, BASHIR H. NONE ABDI, and DOE and ROE Defendants, and each of them, Plaintiff was seriously injured and caused Plaintiff to suffer great pain of body and mind resulting in general damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) for which Defendants are jointly and severally liable for.

29. That as a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has incurred expenses for medial care and treatment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

30. That prior to the injuries complained of herein, Plaintiff was able bodied, capable of being gainfully employed and capable of engaging in all other activities for which Plaintiff was caused to be disabled and limited and restricted related to occupation and activities, which caused Plaintiff a loss of wages in an amount unascertainable at this time, and/or diminution of Plaintiff's earning capacity and future loss of wages, all to her damage in a sum not yet presently ascertainable, the allegations of which Plaintiff pray leave of this Court to insert herein when the same shall be fully determined.

31. That Plaintiff has been required to retain the law office of HALE INJURY LAW to prosecute this action, and is entitled to a ressonable attorney's fee.

Wherefore, Plaintiff expressly reserving the right herein to include all items of damage, demands, judgment against the defendants, and each of them, as follows:

///

## CLAIMS FOR RELIEF

1. General damages for Plaintiff, SHERRIE LYNN LEWIS, in an amount in excess of $75,000.00;

2. Special damages for Plaintiff's medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;

3. Special damages for the damage caused to Plaintiff's vehicle, and for the loss of use of that vehicle;

4. Lost wages and diminished earning capacity;

5. Costs of this suit;

6. Attorney's fees;

7. Pre and Post-Judgment interest; and

8. For such other and further relief as to the Court may seem just and proper in the premises.

DATED this 28TH day of August, 2018.

**HALE INJURY LAW**

LEILA L. HALE, ESQ.
Nevada Bar No. 7368
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
1661 W. Horizon Ridge Pkwy., Suite 200
Henderson, NV 89012
Phone: (702) 736-5800
Fax: (702) 534-4665
*Attorneys for Plaintiff*